Earnest **BALDWIN**, Plaintiff–
Appellant,

v.

Gene **GAVIN**, Commissioner of the State of Connecticut Department of Revenue Services, Defendant–Appellee.

No. 00–7953.

United States Court of Appeals,
Second Circuit.

April 25, 2001.

W. Martyn Philpot, Jr., New Haven, CT, for appellant.

Jonathon L. Ensign, Attorney General's Office, Hartford, CT, for appellee.

Present PARKER and SACK, Circuit Judges, and STEIN,* Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Earnest Baldwin appeals from the June 21, 2000 order of the district court, in which the court granted Baldwin's Motion for Reconsideration of the Recommended Ruling on Motion for Enforcement of Settlement Agreement, but denied the relief requested. On appeal, Baldwin argues that the district court should not have adopted Magistrate Judge Thomas P. Smith's March 17, 2000 Recommended Ruling on Motion for Enforcement of Settlement Agreement.

This is an employment discrimination case in which Baldwin alleges that Defendant–Appellee Gene Gavin, in violation of federal and Connecticut law, denied Baldwin a promotion on account of his race and, after Baldwin filed discrimination charges with the Equal Opportunity Employment Commission and the Connecticut Commission on Human Rights and Opportunities, retaliated against him with baseless warnings.

The issue on appeal arises from events occurring during and after a settlement conference that took place on the morning of October 4, 1999, just before trial was to have begun. After the conference, over which Judge Smith presided, the parties reported to the court that they had settled the case. The trial was canceled, and the case was closed on November 12, 1999. Soon after, when Baldwin received a draft of the written settlement agreement, he notified his counsel that he had never agreed to a key term contained in the draft. Specifically, Baldwin contends that he never agreed to withdraw a number of then-pending grievances that he had filed with his union.[1]

After Gavin was notified of Baldwin's objections to the draft settlement agreement, he moved on December 13, 1999 for Judgment Upon Settlement, in which he asked the court to enforce the settlement agreement as set forth in the draft. The court then sought affidavits from everyone present at the settlement conference, including counsel for both parties. Baldwin's counsel, Laura Lee A. Dorflinger, who conducted negotiations on Baldwin's behalf at the settlement conference, stated in her affidavit that she fully explained to Baldwin that withdrawal of all pending grievances was a material term of the settlement; she further stated that Baldwin told her that he would accept such a term. On March 8, 2000, Judge Smith presided over a hearing on Gavin's Motion for Judgment Upon Settlement, at which Baldwin and others testified.

On March 17, 2000, Judge Smith entered his Recommended Ruling on Motion for Enforcement of Settlement Agreement, in which he rejected Baldwin's contentions, found that the settlement agreement pro-

---

* The Honorable Sidney H. Stein, United States District Court for the District of Connecticut, sitting by designation.

1. The settlement also provided that Gavin would promote Baldwin. Baldwin objected to the provision in the draft settlement agreement providing that Baldwin would be promoted to the position of Tax Corrections Examiner II, because he contended that Gavin had agreed at the conference to promote him to Revenue Examiner I. When Baldwin made these objections, Gavin agreed to promote him to Revenue Examiner I. The district court adopted Judge Smiths' finding that this issue represented, at most, a "fleeting misunderstanding about the title of the job to which [Baldwin] would be promoted." We agree.

vided that Baldwin withdraw all grievances pending as of October 4, 1999, and recommended that the court enter judgment on the settlement agreement.

On March 31, 2000, Baldwin moved the court "to fully reconsider its granting of defendant's Motion to Enforce Settlement Agreement, (hereinafter referred to as 'Recommended Ruling')." On June 21, 2000, the court granted the motion but denied the relief requested. The court also adopted Judge Smith's Recommended Ruling on the same day. On July 19, 2000, Baldwin filed a Notice of Appeal in which he provided notice that he was appealing from "the Court's Ruling denying the relief requested in Plaintiff's Motion for Reconsideration of Recommended Ruling on Motion for Enforcement of Settlement Agreement...."

At the outset, we must address the anomaly created by the fact that the order we have been asked to evaluate denied a motion to reconsider a ruling that, at the time of the motion, had not yet been made. Because the substance of both the motion and the appeal concerns Baldwin's arguments against Judge Smith's recommended ruling, we have resolved the irregularity by construing Baldwin's motion for reconsideration as an objection to the Recommended Ruling, and by construing the district court's order as overruling that objection and accepting the Recommended Ruling. *See* 28 U.S .C. § 636(b)(1); Fed. R.Civ.P. 72(b).

In the context of a motion to enforce a settlement, we review the district court's conclusions of law de novo, and its factual findings for clear error. *See Ciaramella v. Reader's Digest Assoc., Inc.*, 131 F.3d 320, 322 (2d Cir.1997). After a thorough review of the record, we have concluded that the district court did not clearly err when it adopted findings of fact that were appropriately grounded in the evidence submitted, including the affidavit of Baldwin's counsel. Moreover, none of the conclusions of law adopted by district court were erroneous. Mr. Baldwin's remaining arguments on appeal are similarly without merit.

For the reasons set forth above, the judgment of the district court is AFFIRMED.